IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRITTANY BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:18-cv-00104 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| ROBERT L. WILKIE, Secretary, | ) |
| Department of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. No. 52),[1] Plaintiff's response in opposition (Doc. No. 61), and Defendant's reply (Doc. No. 63).

# BACKGROUND[2]

Plaintiff was hired by Defendant as a nursing assistant on December 12, 2004. Plaintiff's Amended Complaint alleges improper actions by Defendant's employees occurring from 2009

---

[1] Defendant filed this Motion for Summary Judgment in response to the Court's Order of February 14, 2019 (Doc. No. 35), in which the Court found that because Defendant relied upon numerous documents outside the pleadings, Defendant's earlier Motion should be construed as one for summary judgment and Defendant therefore was required to comply with Local Rule 56.01, which Defendant has now done. As explained below, it turns out that the Court will dismiss this action under Rule 12, rather than grant summary judgment under Rule 56, based on Plaintiff's failure to exhaust administrative remedies. But Defendant's other arguments, which the Court now need not consider, rely on documents outside the pleadings in a way that made those arguments proper for a motion for summary judgment rather than a motion to dismiss.

[2] The facts set forth in this section are taken, unless otherwise noted, from Plaintiff's Amended Complaint (Doc. No. 20) and Plaintiff's Response to Defendant's Statement of Undisputed Facts (Doc. No. 62), construed in the light most favorable to Plaintiff, the non-movant. The facts set forth here relate to Defendant's "failure to exhaust administrative remedies" argument, since that argument is a threshold issue.

through 2015. (Doc. No. 20). Plaintiff's Affidavit, filed in response to Defendant's motion, alleges improper actions by Defendant's employees occurring from 2006 until 2016. (Doc. No. 61-1).

Plaintiff has alleged two incidents of alleged sexual harassment: (1) when a male union representative allegedly propositioned her to have sex and (2) when the same male union representative allegedly grabbed her buttocks. (Doc. No. 62 at ¶ 39). These incidents both occurred in or about July 2014. (*Id.* at ¶ 14). On February 10, 2015, more than 45 days after the alleged misconduct,[3] Plaintiff initiated the required informal contact with an EEO counselor ("Informal EEO Complaint") for her 2015 claims of harassment and hostile work environment based on sex and reprisal. (*Id.* at ¶ 42).[4]

On March 11, 2015, Plaintiff's EEO counselor send a letter to Plaintiff's counsel, indicating that he was closing the informal counseling concerning Plaintiff's 2015 Informal EEO Complaint and advising that if Plaintiff wished to file a formal complaint ("Formal EEO Complaint"), she must do so within 15 days[5] from receipt of that letter. (Doc. No. 54-5 and Doc. No. 62 at ¶¶ 44-48). On April 3, 2015, Defendant's Office of Resolution and Management ("ORM") administratively closed Plaintiff's 2015 case because Plaintiff did not file a Formal EEO Complaint within 15 days (or at any time) after receipt of the March 11, 2015 letter. (*Id.* at ¶ 49).

---

[3] An aggrieved federal employee must bring any claim of discrimination to an EEO counselor within 45 days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a)(1). This kind of contact is referred to herein as an "Informal EEO Complaint."

[4] Plaintiff had prematurely filed a formal EEO complaint on February 4, 2015 (Doc. No. 62 at ¶ 40), also more than 45 days after the alleged misconduct.

[5] If the complaint is not resolved informally, the employee must file any formal complaint within 15 days of the receipt of notice of her right to file a discrimination complaint. 29 C.F.R. § 1614.105(d). This kind of complaint is referred to herein as a "Formal EEO Complaint."

On August 1, 2016, Plaintiff went into continuous leave without pay status and did not return to work. (*Id.* at ¶ 61).

On June 21, 2017, while on leave from work without pay, Plaintiff brought a second Informal EEO Complaint by making initial contact with an EEO counselor and alleging discrimination based on disability and reprisal. (Doc. No. 54-11 and Doc. No. 62 at ¶¶ 67-68). On September 15, 2017, the EEO counselor sent a letter to Plaintiff's counsel (similar to the above-mentioned March 11, 2015 letter) advising that she was closing the informal counseling process regarding Plaintiff's second Informal EEO Complaint and advising Plaintiff that if she wished to file a Formal EEO Complaint, she must do so within 15 days from receipt of that letter. (Doc. No. 54-14 and Doc. No. 62 at ¶¶ 71-74).

On October 3, 2017, within the 15-day time period, Plaintiff filed a Formal EEO Complaint that was dated October 2, 2017. (Doc. No. 54-16 and Doc. No. 62 at ¶ 75). In that Formal EEO Complaint, Plaintiff included claims that had been made and dismissed in her 2015 Informal EEO Complaint. (Doc. No. 54-16 and Doc. No. 62 at ¶ 76). Plaintiff also alleged a hostile work environment based on disability and reprisal for reporting patient abuse. (Doc. No. 62 at ¶ 77).

Plaintiff's 2017 Formal EEO Complaint was denied and dismissed pursuant to a final agency decision dated November 3, 2017. (Doc. No. 54-3 and Doc. No. 62 at ¶ 81). Notice of the 2017 Formal EEO Complaint's dismissal included advice to Plaintiff that she had 90 days[6] from

---

[6] If the federal employee receives an adverse final determination from the federal agency, she may then file suit in a federal court or request a hearing before the Equal Employment Opportunity Commission ("EEOC"). 29 C.F.R. §1614.407(a). Any such lawsuit or EEOC complaint must be filed within 90 days of receipt of the final agency action. *Id.*

receipt of that Notice to file a civil action. (Doc. No. 54-3 and Doc. No. 62 at ¶ 82). This action was filed on February 1, 2018.

Plaintiff's Amended Complaint alleges two counts: (1) violations of Title VII for sexual harassment, retaliation, hostile work environment, and constructive discharge; and (2) violations of the Rehabilitation Act for failure to accommodate[7] and constructive discharge. (Doc. No. 20).

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Title VII of the Civil Rights Act is the exclusive judicial remedy for claims of discrimination (based upon race, color, religion, sex and national origin) in federal employment. *See Burnette v. Wilkie*, Case No. 1:18-cv-1179, 2019 WL 4452388, at * 7 (N.D. Ohio Sept. 17, 2019) (citing *Steiner v. Henderson*, 354 F.3d 432, 434 (6th Cir. 2003)). "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *Id*. Exhaustion of administrative remedies is also a prerequisite to seeking judicial remedies against federal employers pursuant to the Rehabilitation Act. *Ryan v. McDonald*, 191 F. Supp. 3d 729, 740 (N.D. Ohio 2016).[8]

As explained above, an aggrieved federal employee must bring any claim of discrimination to an EEO counselor within 45 days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a)(1). If the complaint is not resolved informally, the employee must file any formal complaint within 15 days of the receipt of notice of her right to file a formal EEO discrimination

---

[7] In response to Defendant's motion, Plaintiff does not address the failure-to-accommodate claim. (Doc. No. 61).

[8] The Rehabilitation Act adopted the same administrative remedies and exhaustion requirements as those prescribed under Title VII. *Ryan*, 191 F. Supp. 3d at 740.

complaint. 29 C.F.R. § 1614.105(d); *Burnette*, 2019 WL 4452388, at * 7. If the federal employee receives an adverse final determination from the federal agency, she may then file suit in a federal court or request a hearing before the Equal Employment Opportunity Commission ("EEOC"). 29 C.F.R. §1614.407(a). Any such lawsuit or EEOC complaint must be filed within 90 days of receipt of the final agency action. *Id*.

Failure to comply with time limitations under Title VII warrants dismissal of the complaint. *Smith v. Henderson*, 137 F. Supp. 2d 313, 317 (S.D. N.Y. 2001). Because filing a timely charge of discrimination is a timing requirement similar to a statute of limitations, *Truitt v. County of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998), dismissal of Plaintiff's claims for failure to meet these timing requirements is properly based upon Fed. R. Civ. P. 12(b)(6) (rather than Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction).[9] *Corrado v. New York Unified Court Syst.*, 163 F. Supp. 3d 1, 18-19 (E.D. N.Y. 2016). Therefore, the Court has treated Defendant's Motion, as it relates to exhaustion of administrative remedies, as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), not as a Motion for Summary Judgment.[10]

---

[9] The Court is aware that failure to exhaust administrative remedies is not jurisdictional. *Fort Bend Cty., Texas v. Davis,* 139 S. Ct. 1843, 1850 (2019). Instead, the charge-filing responsibilities speak to a party's procedural obligations, and violations of these "preconditions" to filing suit are grounds for dismissal nevertheless. *Id.; Miller v. Quisenberry,* Case No. 1:19-cv-44, 2020 WL 375788, at * 2 (S.D. Ohio Jan. 23, 2020) (exhaustion of administrative remedies is a precondition to filing a Title VII lawsuit); *Little v. Select Medical,* Case No. 3:16-cv-00074, 2017 WL 5931566, at * 1 (M.D. Tenn. Oct. 26, 2017) (exhaustion of administrative remedies under Title VII, while not jurisdictional, is a necessary prerequisite to filing a discrimination suit in federal court*)*. Numerous courts have found dismissal proper under Rule 12(b)(6). *See Banks v. Ackerman Sec. Systems, Inc.*, No. 09-cv-0229-CC, 2009 WL 974242, at *2 (N.D. Ga. 2009) ("[t]he Court dismisses these claims pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) because exhaustion of administrative remedies is not a jurisdictional prerequisite.").

[10] Generally, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, "when a document is referred to in the pleadings and is integral

## ANALYSIS

There is no question that Plaintiff failed to bring her claims related to the two incidents of alleged sexual harassment in July 2014 in an Informal EEO Complaint within 45 days of that alleged conduct.[11] (Doc. No. 62 at ¶¶ 14 and 40). It is also undisputed that Plaintiff did not file a Formal EEO Complaint upon the completion of her informal counseling in 2015 with respect to those two incidents. (*Id.* at ¶ 49). With regard to the claims of alleged sexual harassment in July 2014—indeed, with regard to any claims included in her 2015 Informal EEO Complaint—Plaintiff has failed to exhaust her administrative remedies, and Defendant's Motion for Summary Judgment will be granted as to those claims.

Plaintiff filed her second Informal EEO Complaint on June 21, 2017, alleging discrimination based on disability and reprisal. (Doc. No. 62 at ¶ 67). The parties agree that Plaintiff's 2017 Informal EEO Complaint alleged a hostile work environment based on disability and reprisal for reporting patient abuse.[12] The ORM's Initial Contact and Interview Sheet dated

---

to the claims," *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007), and where the plaintiff does not refer directly to documents in the pleadings but those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Briggs v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 774 F. App'x 942, 948 (6th Cir. 2019) ("[A] court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims.") (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 88–90 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Moreover, in deciding a motion to dismiss "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

[11] Although Plaintiff contends generally that she attempted to contact EEO counselors (Doc. No. 61 at 15), she has not set forth facts supporting this conclusory statement or identified the dates of such attempts or reason(s) why those attempts were unsuccessful.

[12] The Court finds no basis to conclude that reporting patient abuse is "protected activity" under Title VII. 42 U.S.C. § 2000e-3(a). In fact, Defendant represented to Plaintiff (correctly, it appears)

June 21, 2017, states that Plaintiff's claim is constructive discharge/forced retirement. (Doc. No. 54-11). It also states that Plaintiff believed she was discriminated against based on disability, "as evidenced by" her loss of dental insurance coverage and the fact that she still had not received her disability retirement, which Plaintiff claimed was in retaliation for her prior EEO participation. (Doc. No. 54-11). On September 15, 2017, at the completion of the counseling concerning Plaintiff's 2017 Informal EEO Complaint, the counselor advised Plaintiff of her right to file a formal complaint within 15 days. (Doc. No. 54-14 and Doc. No. 62 at ¶¶ 71 and 73).

On October 3, 2017 (within the 15-day time limit), Plaintiff filed a Formal EEO complaint. (Doc. No. 54-16 and Doc. No. 62 at ¶¶ 75, 78 and 79). The parties agree that the 2017 Formal EEO Complaint included alleged misconduct that occurred from January 2014 through January 2016, more than 45 days before Plaintiff filed her 2017 Informal EEO Complaint. (Doc. No. 62 at ¶¶ 77-79). The 2017 Formal EEO Complaint included claims based upon disability, reprisal, sex, retaliation, and hostile work environment. (Doc. No. 54-16). That 2017 Formal EEO Complaint was denied and dismissed on November 3, 2017, for failure to state a claim and failure to comply with regulatory time limits.[13] (Doc. No 54-3 at 5). Plaintiff was advised that she had 90 days to file a civil action or an EEOC appeal. (Doc. No. 62 at ¶ 81-82).

The EEO's Notice of Dismissal of Plaintiff's 2017 Formal EEO Complaint specifically dismissed all claims that had been raised in Plaintiff's 2015 Informal Complaint, citing 29 U.S.C. § 1614.107(a)(1), which (in pertinent part) provides for the dismissal of claims raised in an

---

that reprisal for reporting patient abuse does not fall within the purview of EEO laws and regulations. (Doc. No. 54-3 at 3).

[13] In accordance with 29 C.F.R. § 1614.107(a)(2), the agency is required to dismiss an entire complaint that fails to comply with the applicable time limits.

Informal EEO Complaint but not filed in a Formal EEO Complaint. (Doc. No. 54-3 at 3). The agency stated, as to these claims, that a claimant "cannot resurrect [the claims] later during processing or file another complaint concerning the abandoned claim[s]." (*Id.*) The Notice of Dismissal also stated that none of Plaintiff's other claims was filed within 45 days after the alleged discriminatory action occurred. "A review of the record indicates that your client initially contacted an EEO counselor on June 21, 2017, approximately one year and a half after the date of the latest alleged incident." (Doc. No. 54-3 at 4).[14]

Based on the 45-day time limitation, the only claims that would have been timely raised in Plaintiff's 2017 Formal EEO Complaint would be claims for disability discrimination and reprisal based on events that occurred *after* May 8, 2017 (45 days before June 21, 2017).[15] However, no such claims are identified in the EEO Notice of Dismissal of Plaintiff's 2017 claims. (Doc. No. 54-3). Instead, as indicated above, the last incident alleged in the 2017 Formal EEO Complaint occurred approximately at the very beginning of 2016. (Doc. No. 54-3 at 3). Moreover, Plaintiff was not even at work on May 8, 2017 or thereafter, so she has not and cannot identify any discrimination or retaliation directed toward her that occurred after May 8, 2017. It is undisputed that, on August 1, 2016, Plaintiff went into continuous leave without pay status and did not return to work. (Doc. No. 61 at ¶ 61). Although Plaintiff disputes whether she retired or was forced to retire, she does not dispute that she did not return to work after August 1, 2016, or that she was approved for VA disability retirement on June 24, 2017. (Doc. No. 62 at ¶¶ 61 and 66).

---

[14] The EEO Notice of Dismissal (of Plaintiff's 2017 Formal EEO Complaint) lists nine claims brought by Plaintiff, all occurring before February 2016. (Doc. No. 54-3 at 3).

[15] The first twelve pages of Plaintiff's Response in opposition to Defendant's Motion (Doc. No. 61) describe actions that occurred before May 8, 2017. Similarly, all of Plaintiff's Affidavit (Doc. No. 61-1) describes events that occurred before May 8, 2017.

8

Plaintiff cannot show that she was discriminated against based on her disability or retaliated against by Defendant after August 1, 2016, because she was not even at work. In other words, Plaintiff's claims for actions occurring before May 8, 2017, were not timely filed (and therefore not exhausted), and any claims for actions occurring after May 8, 2017, could not have adversely affected Plaintiff, since she was on continuous leave from August 1, 2016, and not even at work.

As noted earlier, this action was filed on February 1, 2018, within 90 days of the final agency decision on the 2017 Formal EEO Complaint. For the same reasons stated in the agency decision dismissing the 2017 Formal EEO Complaint, any claims in this action for disability discrimination and/or reprisal that occurred prior to 45 days before June 21, 2017, are untimely and are barred for failure to exhaust administrative remedies. That defect cannot now be cured because of the aforementioned bygone time limitations.

Plaintiff did assert a claim for constructive discharge allegedly occurring after May 7, 2017 (based upon disability and retaliation) (Doc. No. 61 at ¶¶ 20 and 22) in her 2017 *Informal* EEO Complaint, which alleges that she was constructively discharged on June 3, 2017. That claim (constructive discharge) is not alleged in her 2017 *Formal* EEO Complaint, however. (Doc. No. 54-16). Plaintiff never included or added a constructive discharge claim to her June 2017 Formal EEO Complaint.

In the original Complaint in this case, Plaintiff alleged that she was discharged from employment in August 2016, many months before May 7, 2017. In the Amended Complaint, Plaintiff changed that allegation to state that she was constructively discharged on June 24, 2017.[16]

---

[16] Plaintiff was still employed but was on leave when her disability retirement was approved on June 24, 2017. (Doc. No. 54-12 at 2).

In either case, a claim for constructive discharge was not added to her 2017 Formal EEO Complaint and was not administratively exhausted before she filed this action. That defect cannot now be cured because of the aforementioned bygone time limitations.

Plaintiff asserts that she can pursue her constructive discharge claim under a hostile work environment theory. (Doc. No. 61 at 16). Aside from the fact that the constructive discharge claim (under any theory) was not exhausted, any hostile work environment claim is untimely. In order for a hostile work environment claim to be timely, at least one act contributing to the claim must occur within the time-limitations period.[17] *Navarro-Teran v. Embraer Aircraft Maintenance Servs., Inc.*, 184 F. Supp. 3d 612, 625 (M.D. Tenn. 2016); *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 817 (6th Cir. 2013). Because Plaintiff was not even in the work environment after August 2016, she has not shown an act constituting a hostile work environment occurring after May 8, 2017, so the hostile work environment claim was not brought within the required time limits or administratively exhausted.

## CONCLUSION

The Court finds that the appropriate result here is dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6),[18] rather than a grant of summary judgment to Defendant on those claims. For

---

[17] Here, no specific act constituting a hostile work environment occurred within 45 days of Plaintiff's 2017 Informal EEO Complaint. This is clear from a review of the nine claims listed on the November 3, 2017 Notice of Dismissal (Doc. No. 54-3 at 3), all of which alleged a hostile work environment and all of which occurred by early 2016.

[18] As suggested above, courts can and do rely on Rule 12(b)(6) to dismiss claims for failure to exhaust administrative remedies. *Koehler v. Pension Ben. Guar. Corp.*, 273 F. App'x 523, (6th Cir. 2008) (finding no error in district court's dismissal of "[plaintiffs'] ERISA claims under Federal Rule of Civil Procedure 12(b)(6) because they failed to exhaust administrative remedies"); *Grafton v. Assistant Deputy Undersheriff Hesse*, No. 15CV4790SJFGRB, 2017 WL 4286266, at *3 (E.D.N.Y. Sept. 27, 2017) (invoking Rule 12(b)(6) in ruling that "plaintiffs' claims against

the reasons stated herein, Plaintiff's claims in the Amended Complaint will be dismissed, with prejudice,[19] for failure to exhaust administrative remedies. In light of this ruling, the Court need not address Defendant's additional arguments. Defendant's Motion for Summary Judgment will be granted insofar as it seeks dismissal of Plaintiff's claims for failure to exhaust administrative remedies. To the extent it makes other arguments, Defendant's Motion for Summary Judgment will be denied as moot.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

defendants are dismissed in their entirety with prejudice for failure to exhaust administrative remedies"), *aff'd sub nom. Grafton v. Hesse*, 783 F. App'x 29 (2d Cir. 2019).

[19] Because the relevant time limitations had passed and her failures to raise certain claims could not be remedied at the time Plaintiff filed this action, Plaintiff cannot cure these defects and, therefore, any amendment to the complaint would be futile. *See Titus-Williams v. Schirg*, Civil Action No. 19-4743, 2020 WL 424950, at * 6 (E.D. Pa. Jan. 24, 2020). It is too late for Plaintiff to file and complete an EEO charge related to the alleged misconduct. *Robinette v. Union Hospital,* No. 17-3471, 2018 WL 2106403 at * 1 (6th Cir. Mar. 22, 2018). Accordingly, the dismissal of her claims is with prejudice.